**In re COURT OF INQUIRY.**

No. 08–04–00231–CR.

Court of Appeals of Texas, El Paso.

Sept. 23, 2004.

Kenneth Holzman, El Paso, for Appellant.

Stuart L. Leeds, Michael R. 'Mickey' Milligan, Theresa Caballero, El Paso, for Appellee.

Jaime E. Esparza, District Atty., El Paso, for State.

Dick Alcala, Karen L. Landinger, Ray, Valdez, McChristian & Jeans, P.C., Jim Darnell, Jim Darnell, P.C., Carl H. Green, Mounce, Green, Myers, Safi, & Galatzan, El Paso, for Interested Parties.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

Nancy Linette Hollebeke attempts to appeal the ruling of the 346th District Court made in connection with a court of inquiry conducted pursuant to Chapter 52 of the Code of Criminal Procedure. Finding that the Legislature has not provided a right of appeal, we dismiss the appeal for want of jurisdiction.

■ On February 2, 2004, the 346th District Court convened a court of inquiry to investigate several alleged crimes, including the alleged sexual assault of Nancy Hollobeke by two El Paso police officers. After hearing testimony, the judge appointed to conduct the proceeding entered a written order terminating the court of inquiry, finding no probable cause to issue arrest warrants for any focus participants. On July 23, 2004, Hollobeke filed a notice of appeal. By letter dated July 29, 2004, we notified Hollobeke in writing of our intent to dismiss this appeal for want of jurisdiction unless she could demonstrate authority for us to proceed. Hollobeke filed a written response urging that we exercise jurisdiction.

■ A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure. See Tex.Code Crim.Proc.Ann. art. 52.01–52.09 (Vernon 1979 and Vernon Pamph.2004–05). Whenever a district judge, acting in his capacity as magistrate, has probable cause to believe that an offense has been committed against the laws of this state, he may request that the presiding judge of the administrative judicial district appoint a district judge to commence a court of inquiry. Tex.Code Crim.Proc.Ann. art. 52.01(a). The appointed judge may summon and examine any witness in relation to the offense in accordance with the procedural rules established in Chapter 52. Id. If it appears from a court of inquiry that an offense has been committed, the judge shall issue a warrant for the arrest of the offender as if the complaint had been made and filed. Tex.Code Crim. Proc.Ann. art. 52.08. Significantly, Chapter 52 does not provide for an appeal from the judge's determination.

■ A party may appeal only that which the Legislature has authorized. Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim.App.1992); Eaden v. State, 901 S.W.2d 535, 536 (Tex.App.-El Paso 1995, no pet.). Texas is not required by the constitutions of the United States or this state to establish appellate courts or provide defendants the right to have their criminal convictions reviewed. See Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Eaden, 901 S.W.2d at 536. Thus, a state may limit or even deny the right to appeal a criminal conviction. Phynes, 828 S.W.2d at 2; Eaden, 901 S.W.2d at 536. The right to appeal exists only to the extent provided by the Legislature. See Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim.App.1993); Phynes, 828 S.W.2d at 2. Likewise, our federal and state constitutions do not guarantee a right of appeal to an alleged victim or potential complainant in a criminal case. In order for Hollobeke to have a right to appeal the magistrate's determination, it must have been authorized by the Legislature.

Article 44.02 generally provides a criminal defendant the right to appeal his con-

viction. *See* Tex.Code Crim.Proc.Ann. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed....").  The State also has the right to appeal certain orders made by a court in a criminal case.  *See* Tex.Code Crim.Proc.Ann. art. 44.01.  A criminal defendant may challenge a magistrate's probable cause determination by filing a motion to suppress or objecting to evidence obtained as the result of an arrest warrant or search warrant, and the defendant, assuming he is convicted, may complain of an adverse ruling on appeal.  Hollobeke has not identified any statutory provision providing her with a right to appeal a magistrate's ruling made in connection with a court of inquiry.  While the Code of Criminal Procedure contains numerous provisions addressing the rights of crime victims, it does not provide them with a right of appeal.  *See* Tex.Code Crim.Proc.Ann. art. 56.01–56.64. In the absence of statutory authorization for an appeal from the magistrate's determination made in connection with the court of inquiry, we conclude that Hollobeke does not have a right of appeal.  Accordingly, we dismiss the appeal for lack of jurisdiction.