In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00115-CV


______________________________





IN THE INTEREST OF L. K. (W.) G., A CHILD





 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 37061




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Appellant, Richard C. Watts, filed a notice of appeal November 20, 2006, from the trial
court's order signed October 24, 2006, regarding a hearing held October 19 in which the trial court
granted Jerry L. Gentry and Kimberly D. Gentry's motion to compel discovery and for sanctions.

 The trial court's order is not a final, appealable judgment. We have jurisdiction to hear an
appeal from a final judgment or from interlocutory orders as expressly authorized by statute. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997), § 51.014 (Vernon Supp. 2006). This
order does not fit either criteria, and we thus have no authority to consider the appeal.

 We dismiss this appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: January 22, 2007

Date Decided: January 23, 2007



riority="9" QFormat="true" Name="heading 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00171-CR

                                                ______________________________

 

 

 

                                                            IN RE:

COURT OF INQUIRY

 

 

                                                                                                  


 

 

                                       On Appeal from the Fifth
Judicial District Court

                                                              Cass County, Texas

                                                          Trial Court
No. 08-C-563

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            John Wayne
Charleston attempts to appeal the ruling of the Fifth Judicial District Court
of Cass County made in connection with a court of inquiry conducted pursuant to
Chapter 52 of the Texas Code of Criminal Procedure.  Because the Legislature has not provided a
right of appeal, we dismiss this appeal for want of jurisdiction.

            On April 14,
2010, the Fifth Judicial District Court convened a court of inquiry to
investigate whether the assistant district attorney of Cass County had modified
the indictment entered in the cause.  On
June 1, 2010, the court found there was no modification or fraudulent
alteration of the indictment and dissolved the court of inquiry.  That is the order from which Charleston
appeals.

            A court of
inquiry is a criminal proceeding authorized by and conducted according to
Chapter 52 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
52.01.09 (Vernon 2006).  When a district
judge, acting in his capacity as magistrate, has probable cause to believe that
an offense has been committed against the laws of this state, he or she may
request that the presiding judge of the administrative judicial district
appoint a district judge to commence a court of inquiry.  Tex.
Code Crim. Proc. Ann. art. 52.01(a).[1]  The appointed judge may summon and examine
any witness in relation to the offense in accordance with the procedural rules
established in Chapter 52.  Id. 
If it appears from a court of inquiry that an offense has been
committed, the judge shall issue a warrant for the arrest of the offender as if
the complaint had been made and filed.  Tex. Code Crim. Proc. Ann. art.
52.08.  However, Chapter 52 does not
provide for an appeal from the judges determination.  In re
Court of Inquiry, 148 S.W.3d 554, 555 (Tex. App.El Paso 2004, no
pet.).  A party may appeal only that
which the Legislature has authorized.  Olowosuko v. State, 826 S.W.2d 940, 941
(Tex. Crim. App. 1992); McCarver v.
State, 257 S.W.3d 512 (Tex. App.Texarkana 2008, no pet.).

            In the
absence of statutory authorization for an appeal from the magistrates
determination made in connection with the court of inquiry, we conclude that
Charleston does not have a right of appeal. 
Therefore, we dismiss the appeal for want of jurisdiction.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          October
5, 2010          

Date Decided:             October
6, 2010

 

Publish            

 

            

            

 

 











[1]A
court of inquiry is authorized when a judge of a district court has probable
cause to believe that an offense has been committed.  Before requesting the appointment of a judge
to conduct a court of inquiry, the judge must file a sworn affidavit stating the
substantial facts establishing probable cause that a specific offense has been
committed.  Tex. Code Crim. Proc. Ann. art. 52.01(b)(1).  Here, the judge appointed to conduct the
court of inquiry implicitly found that no such affidavit was filed; therefore,
Charleston did not have standing to raise or file such a complaint.  We agree. 
Even if an appeal were authorized, without a district court finding of
probable cause and an affidavit establishing such, Charleston had no standing
to require a court of inquiry proceeding.