

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00171-CR

_____

IN RE:
COURT OF INQUIRY

On Appeal from the Fifth Judicial District Court
Cass County, Texas
Trial Court No. 08-C-563

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

John Wayne Charleston attempts to appeal the ruling of the Fifth Judicial District Court of Cass County made in connection with a court of inquiry conducted pursuant to Chapter 52 of the Texas Code of Criminal Procedure. Because the Legislature has not provided a right of appeal, we dismiss this appeal for want of jurisdiction.

On April 14, 2010, the Fifth Judicial District Court convened a court of inquiry to investigate whether the assistant district attorney of Cass County had modified the indictment entered in the cause. On June 1, 2010, the court found there was no modification or fraudulent alteration of the indictment and dissolved the court of inquiry. That is the order from which Charleston appeals.

A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 52.01–.09 (Vernon 2006). When a district judge, acting in his capacity as magistrate, has probable cause to believe that an offense has been committed against the laws of this state, he or she may request that the presiding judge of the administrative judicial district appoint a district judge to commence a court of inquiry. TEX. CODE CRIM. PROC. ANN. art. 52.01(a).[1] The

---

[1] A court of inquiry is authorized when a judge of a district court has probable cause to believe that an offense has been committed. Before requesting the appointment of a judge to conduct a court of inquiry, the judge must file a sworn affidavit stating the substantial facts establishing probable cause that a specific offense has been committed. TEX. CODE CRIM. PROC. ANN. art. 52.01(b)(1). Here, the judge appointed to conduct the court of inquiry implicitly found that no such affidavit was filed; therefore, Charleston did not have standing to raise or file such a complaint. We agree. Even if an appeal were authorized, without a district court finding of probable cause and an affidavit establishing such, Charleston had no standing to require a court of inquiry proceeding.

appointed judge may summon and examine any witness in relation to the offense in accordance with the procedural rules established in Chapter 52. *Id.* If it appears from a court of inquiry that an offense has been committed, the judge shall issue a warrant for the arrest of the offender as if the complaint had been made and filed. TEX. CODE CRIM. PROC. ANN. art. 52.08. However, Chapter 52 does not provide for an appeal from the judge's determination. *In re Court of Inquiry*, 148 S.W.3d 554, 555 (Tex. App.—El Paso 2004, no pet.). A party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); *McCarver v. State*, 257 S.W.3d 512 (Tex. App.—Texarkana 2008, no pet.).

In the absence of statutory authorization for an appeal from the magistrate's determination made in connection with the court of inquiry, we conclude that Charleston does not have a right of appeal. Therefore, we dismiss the appeal for want of jurisdiction.


Jack Carter
Justice


Date Submitted:    October 5, 2010
Date Decided:      October 6, 2010

Publish

3