

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00191-CR

_____

IN RE:   REQUEST FOR COURT OF INQUIRY

On Appeal from the 402th Judicial District Court
Wood County, Texas
Trial Court No. 12,169

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Ricky Williams attempts to appeal the ruling of the 402nd Judicial District Court of Wood County denying his motion to convene a court of inquiry pursuant to Chapter 52 of the Texas Code of Criminal Procedure. Because the Legislature has not provided a right of appeal, we dismiss this appeal for want of jurisdiction.

A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 52.01–.09 (Vernon 2006). When a district judge, acting in his capacity as magistrate, has probable cause to believe an offense has been committed against the laws of this state, he may request that the presiding judge of the administrative judicial district appoint a district judge to commence a court of inquiry. TEX. CODE CRIM. PROC. ANN. art. 52.01(a). The appointed judge may summon and examine any witness in relation to the offense in accordance with the procedural rules established in Chapter 52. *Id.* If it appears from a court of inquiry an offense has been committed, the judge shall issue a warrant for the arrest of the offender as if the complaint had been made and filed. TEX. CODE CRIM. PROC. ANN. art. 52.08. Implicit in the denial of a motion to convene a court of inquiry is a finding by the court presented with such a motion that no probable cause existed that the complained-of offense had been committed. Chapter 52 does not provide for an appeal from the judge's determination. *In re Court of Inquiry*, No. 06-10-00171-CR, 2010 WL 3894220 (Tex. App.—Texarkana Oct. 6, 2010, no pet. h.); *In re*

2

*Court of Inquiry*, 148 S.W.3d 554, 555 (Tex. App.—El Paso 2004, no pet.). A party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); *McCarver v. State*, 257 S.W.3d 512 (Tex. App.—Texarkana 2008, no pet.).

In the absence of statutory authorization for an appeal from the magistrate's determination made in connection with the court of inquiry, we conclude that Williams does not have a right of appeal. Therefore, we dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     October 19, 2010
Date Decided:       October 20, 2010

Do Not Publish

3