In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00111-CR

                                                ______________________________

 

                                                                  

 

                                                            IN
RE:  

                             MARK LESHER AND RHONDA LESHER

 

 

 

                                                                                                  


 

 

 

                                                     Original
Mandamus Proceeding

                                                                              

 

                                                                                                  


 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            A court of inquiry
is a criminal proceeding authorized by and conducted according to Chapter 52 of
the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts. 52.01–.09 (West 2006).  When a district judge, “acting in his capacity
as magistrate, has probable cause to believe an offense has been committed
against the laws of this state, he may request that the presiding judge of the
administrative judicial district appoint a district judge to commence a Court
of Inquiry.”  Tex. Code Crim. Proc. Ann. art. 52.01(a).

            In Red River
County, Texas, Mark and Rhonda Lesher were indicted for the aggravated sexual
assault of Shannon Renae Coyel.  A jury
found the Leshers were not guilty of the offense.   The Leshers filed a petition for a court of inquiry,
alleging that Coyel perjured herself by making several inconsistent and/or
contradictory statements under oath in related grand jury and trial proceedings
and that Red River County District Attorney, Val Varley, was either unwilling
or unable to prosecute her.  The trial
court denied the petition. 

            The Leshers
seek a writ of mandamus asserting that the trial court was required to find the
existence of probable cause and grant their petition.  They request this Court to order the District
Judge to find probable cause that Coyel committed a crime, substitute our own
findings, and order a court of inquiry.[1]  We find the trial court acted within its
discretion to deny the petition for a court of inquiry and deny the petition. 

            Mandamus is
an extreme remedy, and to be entitled to mandamus relief, a petitioner must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re McAllen Med. Ctr., Inc., 275
S.W.3d 458 (Tex. 2008) (orig. proceeding). 
The Texas statutes governing courts of inquiry, Chapter 52 of the Texas
Code of Criminal Procedure, do not provide for an appeal from the judge’s
determination, and a party may appeal only that which the Legislature has
authorized.  Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); In re Court of Inquiry, No.
06-10-00171-CR, 2010 WL 3894220 (Tex. App.—Texarkana Oct. 6, 2010, no pet. h.);
McCarver v. State, 257 S.W.3d 512 (Tex.
App.—Texarkana 2008, no pet.); In re
Court of Inquiry, 148 S.W.3d 554, 555 (Tex. App.—El Paso 2004, no pet.).  Therefore, the Leshers have no adequate
remedy by appeal. 

            The statute
allows a district judge to request the appointment of another judge to conduct
a court of inquiry if the judge finds that probable cause exists to believe an
offense has been committed.  Tex. Code Crim. Proc. Ann. art.
52.01(a).   Here, the petition included
copies of Coyel’s testimony before the grand jury and the trial jury that show
her testimony to be inconsistent.  The
trial court denied the petition and found:  (1) that the petition was frivolous;
(2) that a special prosecutor and the area’s Texas Ranger determined that
no prosecution for perjury or aggravated perjury was justified; and (3) perjury
charges against Coyel were pending in Collin County.    

            Before requesting
a court of inquiry, a district judge must find that probable cause exists that
an offense has been committed, but the law does not require that the judge
request the inquiry; it is discretionary. 
Tex. Code Crim. Proc. Ann.
art. 52.01(a) (“When a judge . . . has probable cause . . . he may request that the presiding judge . .
. appoint a district judge to commence a Court of Inquiry.”) (emphasis
added).  Accordingly, we find that the
trial court did not abuse its discretion in denying the Leshers’ petition.  

            We deny the
petition for writ of mandamus. 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          June 23, 2011

Date
Decided:             June 24, 2011

 

Do
Not Publish











[1]The
petition also states that the trial court erred in failing to recuse, but
failed to brief the issue or provide any documentation that a motion to recuse
was filed or acted on.  A point of error
that is conclusory and cites no authority presents nothing for review, and we
will not address it.  See Tex.
R. App. P. 38.1; Hankins v. State, 132 S.W.3d 380, 385
(Tex. Crim. App. 2004); Vuong v. State,
830 S.W.2d 929, 940 (Tex. Crim. App. 1992).