COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                     |   |                           |
|---------------------|---|---------------------------|
| LOREN LELAND,       | § | No. 08-11-00082-CR        |
|                     | § |                           |
| Appellant,          | § | Appeal from the           |
|                     | § |                           |
| v.                  | § | 171st Judicial District Court |
|                     | § |                           |
|                     | § | of El Paso County, Texas  |
| THE STATE OF TEXAS, | § |                           |
|                     | § | (TC# 890D01311)           |
| Appellee.           | § |                           |

## MEMORANDUM OPINION

Loren Leland attempts to appeal an order denying his motion to withdraw his guilty plea and dismiss the indictment. Because we agree with the State that this order is not appealable, we will dismiss the appeal.

In 1989, Leland pled guilty to misapplication of fiduciary property and was placed on deferred adjudication probation for ten years. In 1999, the State filed a motion to adjudicate guilt. The clerk's record does not contain an order granting this motion or a judgment formally adjudicating him guilty, but it does contain an order placing him on community supervision for ten years or until he finished paying restitution. In 2005, Leland filed a motion to terminate his community supervision, set aside the finding of guilt, and dismiss the indictment. He claimed that he had paid the required restitution. Again, the clerk's record does not contain an order on this motion, but the Court apparently discharged him from community supervision in 2005. In October 2010, Leland filed a motion to withdraw his plea and dismiss the indictment. The trial court concluded that it did not have jurisdiction to grant this motion.

The Texas Code of Criminal Procedure provides:

> At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. . . . Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant . . . .

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 20(a)(West Supp. 2010). An order allowing a defendant to withdraw his plea and dismissing the indictment under this statute has the effect of removing nearly all penalties and disabilities associated with a conviction. *See id*.; *see also Cuellar v. State*, 70 S.W.3d 815, 819-20 (Tex.Crim.App. 2002). The trial court apparently took the view that it only had discretion to grant this relief at the same time that it discharged Leland from community supervision. In his appellate brief, Leland argues that there is no time limitation on the court's discretion because the statute begins with the words, "At any time after . . . ." After Leland filed his appellate brief, the State filed a motion to dismiss, asserting that there is no statutory authorization for an appeal from the trial court's order.

The right to appeal is purely statutory. *In re R.S.C.*, 940 S.W.2d 750, 754 (Tex.App.--El Paso 1997, no pet.). The right "exists only to the extent provided by the Legislature." *In re Court of Inquiry*, 148 S.W.3d 554, 555 (Tex.App.--El Paso 2004, no pet.). The Legislature has authorized appeals from criminal convictions. *See* TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2006); *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008); *Court of Inquiry*, 148 S.W.3d at 555-56. It has also authorized appeals from orders adjudicating a defendant guilty and

from orders revoking probation. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 5(b), 23(b). Leland has not pointed us to any statutory authorization for an appeal from an order of the type at issue here.

The State relies on a recent unpublished opinion by the Fort Worth Court of Appeals. *See Kurosky v. State*, No. 02-10-00202-CR, 2011 WL 255672 (Tex.App.--Fort Worth Jan. 27, 2011, no pet.)(not designated for publication). Like Leland, Kurosky filed a motion to set aside his conviction and dismiss the charges many years after he had completed his probation. *See id*. 2011 WL 255672, at *1. Also as in this case, the trial court apparently concluded that it lacked jurisdiction to consider the motion. *See id*. The appellate court dismissed the appeal, noting that "nowhere has the legislature provided for the appeal of an order denying a motion that is filed after the expiration of a defendant's term of community supervision and seeks to set aside the conviction and dismiss the charges." *Id*. 2011 WL 255672, at *2.

We have not found a published opinion addressing this issue. However, we previously held in an unpublished decision that "an order denying discharge from community supervision pursuant to article 42.12, section 20 is not an appealable order." *Dwyer v. State*, No. 08-01-00004-CR, 2002 WL 27103, at *2 (Tex.App.--El Paso Jan. 10, 2002, pet. dism'd)(not designated for publication).

Leland has not cited any statutory authorization for this appeal, and we are aware of none. Accordingly, the appeal is dismissed.


June 29, 2011

                              DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)