COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






LOREN LELAND,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-11-00082-CR

Appeal from the

171st Judicial District Court
of El Paso County, Texas 

(TC# 890D01311) 





MEMORANDUM OPINION

            Loren Leland attempts to appeal an order denying his motion to withdraw his guilty plea
and dismiss the indictment. Because we agree with the State that this order is not appealable, we
will dismiss the appeal.
            In 1989, Leland pled guilty to misapplication of fiduciary property and was placed on
deferred adjudication probation for ten years. In 1999, the State filed a motion to adjudicate
guilt. The clerk’s record does not contain an order granting this motion or a judgment formally
adjudicating him guilty, but it does contain an order placing him on community supervision for
ten years or until he finished paying restitution. In 2005, Leland filed a motion to terminate his
community supervision, set aside the finding of guilt, and dismiss the indictment. He claimed
that he had paid the required restitution. Again, the clerk’s record does not contain an order on
this motion, but the Court apparently discharged him from community supervision in 2005. In
October 2010, Leland filed a motion to withdraw his plea and dismiss the indictment. The trial
court concluded that it did not have jurisdiction to grant this motion.
            The Texas Code of Criminal Procedure provides:
At any time after the defendant has satisfactorily completed one-third of
the original community supervision period or two years of community
supervision, whichever is less, the period of community supervision may be
reduced or terminated by the judge. . . . Upon the satisfactory fulfillment of the
conditions of community supervision, and the expiration of the period of
community supervision, the judge, by order duly entered, shall amend or modify
the original sentence imposed, if necessary, to conform to the community
supervision period and shall discharge the defendant. If the judge discharges the
defendant under this section, the judge may set aside the verdict or permit the
defendant to withdraw the defendant’s plea, and shall dismiss the accusation,
complaint, information or indictment against the defendant . . . .

Tex.Code Crim.Proc.Ann. art. 42.12, § 20(a)(West Supp. 2010). An order allowing a
defendant to withdraw his plea and dismissing the indictment under this statute has the effect of
removing nearly all penalties and disabilities associated with a conviction. See id.; see also
Cuellar v. State, 70 S.W.3d 815, 819-20 (Tex.Crim.App. 2002). The trial court apparently took
the view that it only had discretion to grant this relief at the same time that it discharged Leland
from community supervision. In his appellate brief, Leland argues that there is no time limitation
on the court’s discretion because the statute begins with the words, “At any time after . . . .” 
After Leland filed his appellate brief, the State filed a motion to dismiss, asserting that there is no
statutory authorization for an appeal from the trial court’s order.
            The right to appeal is purely statutory. In re R.S.C., 940 S.W.2d 750, 754 (Tex.App.--El Paso 1997, no pet.). The right “exists only to the extent provided by the Legislature.” In re
Court of Inquiry, 148 S.W.3d 554, 555 (Tex.App.--El Paso 2004, no pet.). The Legislature has
authorized appeals from criminal convictions. See Tex.Code Crim.Proc.Ann. art. 44.02 (West
2006); Abbott v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008); Court of Inquiry, 148
S.W.3d at 555-56. It has also authorized appeals from orders adjudicating a defendant guilty and
from orders revoking probation. See Tex.Code Crim.Proc.Ann. art. 42.12, §§ 5(b), 23(b). 
Leland has not pointed us to any statutory authorization for an appeal from an order of the type at
issue here.
            The State relies on a recent unpublished opinion by the Fort Worth Court of Appeals. See
Kurosky v. State, No. 02-10-00202-CR, 2011 WL 255672 (Tex.App.--Fort Worth Jan. 27, 2011,
no pet.)(not designated for publication). Like Leland, Kurosky filed a motion to set aside his
conviction and dismiss the charges many years after he had completed his probation. See id.
2011 WL 255672, at *1. Also as in this case, the trial court apparently concluded that it lacked
jurisdiction to consider the motion. See id. The appellate court dismissed the appeal, noting that
“nowhere has the legislature provided for the appeal of an order denying a motion that is filed
after the expiration of a defendant’s term of community supervision and seeks to set aside the
conviction and dismiss the charges.” Id. 2011 WL 255672, at *2.
            We have not found a published opinion addressing this issue. However, we previously
held in an unpublished decision that “an order denying discharge from community supervision
pursuant to article 42.12, section 20 is not an appealable order.” Dwyer v. State, No.
08-01-00004-CR, 2002 WL 27103, at *2 (Tex.App.--El Paso Jan. 10, 2002, pet. dism’d)(not
designated for publication).
            Leland has not cited any statutory authorization for this appeal, and we are aware of none. 
Accordingly, the appeal is dismissed.


June 29, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)