# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00724-CR

**Darrell Edison, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT**
**NOS. D-1-DC-09-206713 & D-1-DC-10-907220,**
**THE HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Darrell Edison has filed a pro se pleading entitled *Motion for Preliminary Injunction*. Looking to the substance of Edison's pleading, rather than its title or form, we construe his motion as a notice of appeal, *see Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its caption or form to determine its nature), seeking to appeal the trial court's order ordering him to pay attorney's fees and court costs in the underlying plea-bargain cases. It is unclear from his pleading whether Edison is complaining about the trial court's order of payment contained in the judgments of conviction in the underlying cases or a separate "notice of withdrawal" sent to the Texas Department of Criminal Justice to garnish his inmate trust account to recover payment of the attorney's fees and court costs.

To the extent that Edison seeks to appeal the order contained in the judgments of conviction, this Court has previously dismissed Edison's attempt to appeal the judgments of

conviction in these cases because the district court certified that these were plea-bargain cases and Edison had no right of appeal. *See Edison v. State*, Nos. 03-10-00804-CR & 03-10-00811-CR, 2011 WL 56052, at *1 (Tex. App.—Austin Jan. 7, 2011, no pet.) (mem. op., not designated for publication).

To the extent that Edison seeks to appeal a separate notice of withdrawal garnishing his inmate trust account, we do not find such a notice to be a separately appealable order in the criminal action. The right to appeal is conferred by the Legislature, and generally a party may appeal only those cases for which the Legislature has authorized appeal. *Keaton v. State*, 294 S.W.3d 870, 871 (Tex. App.—Beaumont 2009, no pet.); *see Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *In re Court of Inquiry*, 326 S.W.3d 372, 373 (Tex. App.—Texarkana 2010, no pet.); *see also Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized."). Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); *see* Tex. R. App. Proc. 25.2(A)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order"). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.) (quoting *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.—San

2

Antonio 1997, pet. ref'd) and *De Silva v. State*, 267 S.W. 271, 272 (Tex. Crim. App. 1924)); *see Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (noting Court's prior recognition of "long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment'"); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, no pet.) (defendant has right to appeal from final judgment of conviction or when "expressly granted by law") (internal quotes omitted). We find no authority for Edison to appeal a notice of withdrawal garnishing his inmate trust account to recover payment for attorney's fees and court costs in the underlying criminal actions.

To any extent that Edison's pleading could be read as initiating an original appellate proceeding seeking extraordinary relief, *see* Tex. R. App. P. 52, we note that our mandamus authority also is limited. In his pleading, Edison seeks to have the "State of Texas" and "Travis County" cease removing funds from his inmate trust account and to repay the monies already withdrawn. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). The "State of Texas" and "Travis County" are not parties against whom we may issue a writ of mandamus. Nor has Edison demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction.

For the above reasons, we dismiss this attempted appeal.

3

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed

Filed:   November 30, 2012

Do Not Publish

4