**Opinion issued September 9, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00251-CR**
**NO. 01-14-00274-CR**
**NO. 01-14-00306-CR**
**NO. 01-14-00307-CR**

———————————

**RICHARD A. DUNSMORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 56909 and 56910**

---

## MEMORANDUM OPINION

On October 8, 2010, appellant Richard A. Dunsmore was convicted of sexual assault and attempted sexual assault in trial court cause numbers 56909 and 56910. On April 12, 2012, we dismissed his untimely appeals of his convictions

for lack of jurisdiction. *See Dunsmore v. State*, Nos. 01-10-00981-CR & 01-10-00982-CR, 2012 WL 1249418 (Tex. App.—Houston [1st Dist.] April 12, 2012, pet. ref'd). Our mandate issued on December 5, 2012.

Acting pro se, Dunsmore filed four related notices of appeal in March and April 2014. In Cause Numbers 01-14-00251-CR and 01-14-00306-CR, Dunsmore attempts to appeal two separate orders issued by the trial court in connection with his conviction for sexual assault in trial court cause number 56909: (1) a March 11, 2014 order denying Dunsmore's "Motion for Evidentiary Hearing or Issuance of an Order Appointing Counsel for the Defendant as to Article 11.07 Filing" and (2) a March 24, 2014 order denying his "Motion for the Court Judge to Request a Court of Inquiry Pertaining to Principle [sic] Parties Associated with Criminal Cause Number 56909." In Cause Numbers 01-14-00274-CR and 01-14-00307-CR, Dunsmore attempts to appeal two similar orders issued in connection with his conviction for attempted sexual assault in trial court cause number 56910. We lack jurisdiction over these attempted appeals.

***Orders Denying Appellant's Motions for Evidentiary Hearing and Appointment of Counsel (Cause Nos. 01-14-00251-CR and 01-14-00274-CR)***

Appeals in criminal cases are permitted only when they are specifically authorized by statute. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). Generally, a criminal defendant may appeal only from a final judgment. *See State*

2

*v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). Courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal unless that jurisdiction has been expressly granted by statute. *See Ragston v. State,* 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

Here, the trial court's orders denying Dunsmore's "Motion for Evidentiary Hearing or Issuance of An Order Appointing Counsel for the Defendant as to Article 11.07 Filing" are not final judgments nor is there a statutory grant of a direct appeal from interlocutory orders denying post-conviction motions for either an evidentiary hearing or appointment of counsel. *See, e.g., Cooper v. State*, No. 05-12-01738-CR, 2013 WL 1286208 (Tex. App.—Dallas March 1, 2013, no pet.) (mem. op., not designated for publication) ("[T]he denial of court-appointed counsel is not a judgment of conviction nor does it fall within the categories of appealable interlocutory orders."); *Zarychta v. State*, No. 09-07-624-CR, 2008 WL 281840 (Tex. App.—Beaumont Jan. 16, 2008, no pet.) (mem. op., not designated for publication) ("An order denying a post-conviction motion to compel disclosure of records and for an evidentiary hearing is neither a judgment of guilt nor an order from which an appeal is specifically authorized by statute."); *see also Poole v. State*, No. 14-14-00115-CR, 2014 WL 590460 (Tex. App.—Houston [14 Dist.] Feb. 13, 2014, no pet.) (mem. op., not designated for publication) (dismissing

appeal for want of jurisdiction where trial court denied appellant's request for free copy of records to pursue post-conviction writ of habeas corpus); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.) (same). Because the orders denying Dunsmore's motions were neither final judgments nor appealable interlocutory orders, we hold that we lack jurisdiction over the appeals of these orders in Cause Nos. 01-14-00251-CR and 01-14-00274-CR. We therefore dismiss the appeals for lack of jurisdiction.

### *Orders Denying Appellant's Motions for Court of Inquiry (Cause Nos. 01-14-00306-CR and 01-14-00307-CR)*

In Cause Numbers 01-14-00306-CR and 01-14-00307-CR, Dunsmore attempts to appeal the trial court's denials of his requests for a court of inquiry pursuant to Article 52.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. P. ANN. art. 52.01 (West 2006). Chapter 52, however, does not provide for an appeal from an order denying a court of inquiry. *See id*; *see also Joseph v. State*, No. 01-11-00220-CR, 2011 WL 2112796 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) (mem. op., not designated for publication) (dismissing appeal of court of inquiry denial for lack of jurisdiction); *In re Court of Inquiry*, 148 S.W.3d 554, 555 (Tex. App.—El Paso 2004, no pet.) (mem. op., not designated for publication) (dismissing appeal of court of inquiry termination for lack of jurisdiction). Again, a criminal defendant may appeal only that which is authorized by statute. *See Lykos v. Fine*, 330 S.W.3d at 915; TEX. CODE. CRIM. PROC. ANN.

4

art. 44.02. Because an appeal from an order denying a motion requesting a court of inquiry is not authorized by statute, we hold that we lack jurisdiction over appeals of these orders in Cause Nos. 01-14-00306-CR and 01-14-00307-CR. We therefore dismiss the appeals for lack of jurisdiction.

Accordingly, we dismiss the appeals. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).