**Dismissed and Opinion Filed December 22, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01471-CR
No. 05-15-01472-CR
No. 05-15-01473-CR
No. 05-15-01474-CR
No. 05-15-01475-CR
No. 05-15-01476-CR

**SENRICK WILKERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-01183-J, F10-01184-J, F10-01182-J, F10-01183-J,**
**F10-01184-J, F10-01185-J**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Senrick Wilkerson was convicted of sexual performance by a child (trial court no. F10-01183-J) and sexual assault of a child (trial court no. F10-01184-J). The convictions were affirmed on direct appeal. *Wilkerson v. State*, No. 05-11-00061-CR, 05-11-00062-CR, 2012 WL 2988723 (Tex. App.—Dallas, pet. ref'd). According to appellant's pro se "petition for grand jury minutes," appellant was charged with sexual performance of a child in trial court number F10-01182-J and compelling prostitution in trial court number F10-01185-J. Each indictment was dismissed on the State's motion.

In cause nos. 05-15-01471-CR and 05-15-01472-CR, appellant filed a pro se notice of appeal from the trial court's denial of his motions for judgments nunc pro tunc. In cause numbers 05-15-0173-CR through 05-15-01476-CR, appellant filed a notice of appeal from the trial court's denial of his petition for "court of inquiry pursuant to chapter 52"[1] as to each case. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

To assist the Court in determining its jurisdiction, we ordered the Dallas County District Clerk to file clerk's records containing the documents appellant has filed in each of these cases. Not one of the clerk's records contains a written order ruling on appellant's motions.[2] Absent

---

[1] TEX. CODE CRIM. P. ANN. arts. 52.01−09 (West 2006).

[2] The clerk's records do contain documents from unrelated cases, including a federal lawsuit and family law case.

written orders, the Court has no jurisdiction. *See Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.).

As to appeals from denial of the judgments nunc pro tunc, we note that appellant's motions for judgments nunc pro tunc seek to have the convictions set aside as void rather than to correct clerical errors. Nunc pro tunc is not available for a complaint that involves judicial error. *See Blanton*, 369 S.W.3d at 898. Moreover, the denial of a motion for judgment nunc pro tunc is not appealable. *See Abbott*, 271 S.W.3d at 697.

As to the appeals from the "denial" of his petition for a court of inquiry, nothing in chapter 52 of the Texas Code of Criminal Procedure provides for an appeal from a ruling on a petition for a court of inquiry. *See* TEX. CODE CRIM. P. ANN. arts. 52.01–.09 (West 2006). Absent a statutorily created right to appeal a ruling on a petition for a court of inquiry, we have no jurisdiction over such an appeal. *See McKinney*, 207 S.W.3d at 374; *Griffin* 145 S.W.3d at 646. *See also In re Court of Inquiry*, 148 S.W.3d 554, 555–56 (Tex. App. —El Paso 2004, no pet.) (no appeal from denial of court of inquiry).

Because appellant's notices of appeal present us with nothing over which we have jurisdiction, we can take no action except to dismiss the appeals.

We dismiss the appeals for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
151471F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-01471-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F10-01183-J.
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 22, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

SENRICK WILKERSON, Appellant

No. 05-15-01472-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-01184-J.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 22, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-01473-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F10-01182-J.
Opinion delivered by Chief Justice Wright.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 22, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-01474-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F10-01183-J.
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 22, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-01475-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-01184-J.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.


Judgment entered December 22, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-15-01476-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F10-01185-J.
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered December 22, 2015.